No. 6792.

CHARLES E. ALTER vs. HORNOR & BENEDICT.

'The agreement between the holder of a mortgage note and an attorney-at-law, that the latter shall foreclose the mortgage, receive for his fee the commission stipulated in the act of mortgage, and warrant his client that he will receive from the sale of the property the full amount of his debt, is a valid and binding contract of suretyship, with a sufficient consideration. But the holder of the mortgage note, by subsequently taking it back from the hands of the attorney-at-law, and receiving the price the property brought at a sale ordered by the United States Bankrupt Court, cancels the obligation of the attorney-at-law under the said agreement.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers, J.*

Alter vs. Hornor & Benedict.

*M. M. Cohen* for Plaintiff and Appellant:

Plaintiff claims that defendants are indebted to him under a written contract or guaranty. Defendants "aver that the same was made without any consideration whatever."

First—Plaintiff replies, that in all contracts a just cause or consideration is presumed until the contrary be proven. 1 Hennen, 496. No. 12, 2 Hennen, 1006. No. 75, 5 Marcadé, p. 2 to 6. 1 Larombiere, p. 275. No. 9.

Second—He who contends that he is exonerated, must prove the fact which has produced the extinction of the obligation. Rev. C. C. 2232. Fairchild vs. McEnery et al., 31 An. 695.

Third—The leaving of a demand in the hands of an attorney to collect and control is a legal and sufficient consideration for a contemporaneous guaranty of the claim by the attorney. Gregory, Tilton & Co. vs. Thomas Gleed, 33 Vermont, 405. Robinson vs. Threadgill, 13. Iredill, (N. C.) 39.

*Bayne & Renshaw* for Defendants and Appellees:

Plaintiff having left a certain mortgage note for collection with an attorney at law, to be proceeded with in a particular manner, under a written contract, cannot hold such attorney responsible, after said attorney has failed to obtain the relief contemplated, and is prevented from proceeding in the manner designated in the contract.

And the fact that plaintiff received back the note and act of mortgage, after the failure of defendants' proceedings, and proceeded upon it himself in another manner, annulled the contract.

---

The opinion of the Court was delivered by

LEVY, J. The plaintiff Alter brought suit against the defendants, Hornor & Benedict, to recover the sum of $1015 90, the alleged difference between the *pro rata* share which plaintiff received out of the proceeds of sale of certain property of Joseph Ellison and the total of principal and interest of his claim on the property sold; which difference he alleges defendants are liable and responsible to him on their guaranty that he should receive the amount of his claim in full out of the proceeds of sale of said property.

It is alleged that the guaranty aforesaid was given by the written document, dated 21st May, 1875, filed in the suit and annexed to the petition, which reads as follows:

"Received of Charles E. Alter, Esq., mortgage note of J. Ellison for $4500, dated New Orleans, May 16th, 1871, @ 3 y. f. d. with interest at eight per cent from date, to be proceeded upon, in Fifth District Court, by foreclosure of mortgage; and we undertake that when the mortgage property shall be sold, the same shall bring sufficient to pay the entire claim of C. E. Alter, principal, interest and costs; and we agree that we shall charge no fees to Mr. Alter, and shall have none except such as are provided for in the act of mortgage, and shall be collected from the mortgaged property. And we further agree that Mr. Alter shall be at no costs for our proceedings if unsuccessful.

(Signed)　　　　　　　　　　　　　　　HORNOR & BENEDICT."

It appears by the evidence in record, that the property was sold, by order of the United States District Court, in bankruptcy, on the 3d

of June, 1876. The amount, principal and interest, of Alter's note, on that day, was $6315 00, and he realized as his *pro rata* $5299 10, the deficiency or difference being the amount claimed in plaintiff's petition. The receipt and agreement of Hornor & Benedict bears some ambiguity. The note is said to be received " to be proceeded upon in Fifth District Court by foreclosure of mortgage," and they " undertake that when the mortgaged property shall be sold the same shall bring sufficient to pay the entire claim of Alter," etc. It would hardly be a forced construction to confine this undertaking of defendants to the proceedings in the Fifth District Court; but as this point is not raised by counsel, and, under our view of the case, is not necessary for its decision, we shall not further discuss or consider it. However, admitting that the guaranty is not thus limited, and that it was full and binding on the defendants, the testimony completely satisfies us, that the plaintiff by his own acts relieved them from the obligation of the contract. The statements of plaintiff, in which he contends that when the note was returned to him, it was " thrust upon him," and that in taking the note back again into his possession, he did not voluntarily assent thereto, but insisted upon defendants retaining it, are contradicted and disproved by the testimony of Hornor and of Baker. As to the sufficiency of the consideration of the contract of May 21st, 1875, we think there was a sufficient consideration, and defendants were bound thereby. The attorney's fees secured by the mortgage which were to enure to benefit of defendants formed a valid and binding consideration. Such being the case, was there a revocation of the contract or agreement and a cancellation or release of the guaranty therein contained? Alter voluntarily received the note which he had confided to defendants; it is true, although they suggested that he should take it, it was not forced upon him by violence or threats; he chose to re-assume its possession, and after such resumption, controlled, managed, collected and entered into arrangements by which the terms and conditions of sale of the mortgaged property were made. His notification, to the defendants, shortly before the day of sale, that he should hold them responsible, under their contract, for any deficiency, seems to us to have been an afterthought, and unwarranted, owing to his own acts. The testimony of Mr. Alter, unsupported, is ouerbalanced by that of Mr. Hornor, corroborated by that of Mr. Baker. That of the two last named witnesses establishes that, plaintiff, without objection took back the note, while his subsequent acts evidence the mutual consent of parties to the revocation of the contract and extinguishment of the guaranty.

The judgment appealed from is affirmed with costs.